STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-027

SEP 26  8 33 AM '01

MAUREEN VERREAULT,

Plaintiff/Appellant

v.

DECISION ON APPEAL

RISBARA BROTHERS
CONSTRUCTION CO., INC.,

Defendant/Appellee

Plaintiff Maureen Verreault appeals from the District Court (Small Claims) judgment awarding her no damages on her claim of $4,500 against Defendant.

Neither party requested a recording of the hearing pursuant to M.R.S.C.P. 6 and therefore no recording was made. The appellant does not contend that the absence of a record of the proceedings in the District Court is for a reason "beyond the control of any party" as that term is used in M.R. Civ. P. 76F(c).

On appeal, the plaintiff asserts that the trial judge was biased, that the judgment is against the weight of the evidence, that the court abused its discretion in denying her post judgment motions and in failing to award costs to the plaintiff as the prevailing party.

Without a record, this court is unable to review the correctness of the District Court's findings or to evaluate the appellant's claim of judicial bias. ". . . [T]he appellant has the burden of providing . . . a sufficient record that allows adequate consideration of his arguments." Tenney v. Benson, 741 A.2d 454 (Me. 1999).

After judgment, the appellant filed a Motion for Reconsideration, an Amended Motion for Reconsideration and a Motion for New Hearing. No affidavits were filed in support of the motions. All three motions sought relief based upon the alleged misapprehension of the evidence by the trial judge or newly discovered evidence. Without a factual showing of what the new evidence was or why it could not with due diligence have been presented at the original trial, the trial court did not commit error in failing to grant the motions.

The appellant also challenges the District Court's failure to award costs to her. To be entitled to costs, the plaintiff must have been the prevailing party in the trial court. Analyzed functionally, this court cannot find error in the trial court's implicit determination that the plaintiff was not the prevailing party.

Therefore the entry is:

Appeal DENIED. Case is remanded to the District Court.

Dated: September 25, 2001

Robert E. Crowley
Justice, Superior Court

2

Date Filed __05-24-01__     __Cumberland__     Docket No. ___AP-01-27___

County

Action __Appeal from Lower Court__

Maureen Verreault        Risbara Construction Co., Inc.

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Maureen Verreault<br>12 Summerfield Lane<br>Scarborough, Maine 04074 | F. Jay Meyer Esq.<br>Nicholas Bull, Esq.<br>120 Exchange Street<br>Portland, Maine 04101 |

| Date of Entry | |
|---|---|
| **2001**<br>May 25 | Received 05-24-01<br>Plaintiff's Notice of Appeal to Superior Court filed.<br>All paperwork received from 9th District Court, Division<br>of Southern Cumberland (District Court Docket # POR-SC-01-213) |
| May 29 | On 5-29-01.<br>Briefing schedule mailed. Appellant's brief due 7-3-01. |
| May 31 | Received 5-31-01.<br>Letter from F. Jay Meyer Esq. entering his appearance on behalf of<br>defendant filed. |
| June 4 | Received 6-4-01.<br>Appellee's objection to Appellant's statement of evidence and facts filed. |
| June 7 | Received 06/07/01:<br>Appellant's Response to Appellees' Objection to Appellant's Statement<br>of Evidence and Facts filed. |
| June 28 | Received 6-28-01.<br>Appellant's brief filed. |
| July 27 | Received 7-27-01.<br>Appellee's motion for dismissal filed. |
| " | Appellee's brief and memorandum in support of motion for dismissal<br>filed. |
| " | Plaintiff's request for hearing filed. |
| " | Proposed order filed. |
| Aug. 8 | Received 8-8-01.<br>Appellant's opposition to appellee's motion for dismissal  filed. |
| " | Proposed Order filed. |
| " | Appellant's reply brief filed. |
| Aug. 22 | On 08/22/01:<br>Notice of Hearing on Sept. 6, 2001 mailed to Maureen Verreault and F.<br>J. Meyer and Nicholas Bull, Esqs. |